UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM A. YOUNG, JR.** *et al.*                                                              **PLAINTIFFS**

**v.**                                                              **CIVIL ACTION NO. 3:11CV-642-H**

**OFFICER T. MUDD**                                                              **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on initial review of the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff William A. Young, Jr., filed a complaint on a general complaint form. In the caption, he lists himself as a Plaintiff along with Reinella S. Kirilova, Major Tommis, and Lt. Krazig. Only Plaintiff Young signed the complaint, however. He names Louisville Metro Police Officer T. Mudd, Badge #1970, as the sole Defendant.

As the grounds for filing his case in federal court, Plaintiff Young states: "Officer detained & searched me under his own initiative & failed to inform the store's management or employ's I'de be banned off primisises  Consequently after he once did agen without reguard of my right to know this, gave me a charge w/o due process of the law."

In the statement-of-claim portion of the complaint form, Plaintiff Young claims:

> I went to store one day to buy myself & friend products from the store & also to meet my mother who as well ment to buy products from store. by chance I had to wait outside for my mother who was busy in the store. When "we" together moved across the street, smokeing in BP's store parking lot Officer T. Mudd followed us and riped us to continue along the street. I then exclamed! with protest to inform him I need to use this store as-well as I butt out my ciggarette to walk in. This was my first incounter with T. Mudd. My mother then spoak to me about that particuler enforcer

saying he is always a "wise crack" talking to her about what she is doing asking if she is up to something other than pan Handling. I do not know what history he has w/ my mother but it was verry out of his way to talk to me like that. twice more I've incountered this officer sence then! & I visit this or those store's dayly.

As relief, Plaintiff Young requests an injunction "to lift officer's movement to ban me from the store; wants an eye witness to testify or testimony to be submitted to the Court; and wants "to be informed of such future acts on me when they take place not as they take place."

## II.

Upon review of a complaint under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.    Plaintiffs Kirilova, Tommis, and Krazig**

It is unknown who these Plaintiffs are. They did not sign the complaint, nor does the complaint mention any claims brought by them. To the extent Plaintiff wants to bring an action on their behalf, "in federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage."). Section 1654

"'does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d at 1308 (quoting *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975)).

Here, because Plaintiff is not a lawyer, he cannot bring this action on behalf of Plaintiffs Kirilova, Tommis, and Krazig without retaining a lawyer. Therefore, any claims asserted on behalf of those Plaintiffs will be dismissed without prejudice by separate Order.

**B.     Plaintiff Young**

Because Plaintiff Young alleges that Officer Mudd, a municipal officer, acted without due process, the Court liberally construes his action as being brought pursuant to 42 U.S.C. § 1983, a federal civil-rights statute. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) (explaining that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). "Under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Absent either element, no § 1983 claim exists. *Id.*

As grounds for filing suit in federal court, Plaintiff Young alleges that he was "detained and searched" and that Officer Mudd "gave me a charge w/o due process of law." He does not allege that he was *illegally* "detained and searched," and his claim that he was given a charge without due process of law is a legal conclusion which the Court is not required to accept as true. *Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations

4

contained in a complaint is inapplicable to legal conclusions."); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."). Moreover, the facts supplied in Plaintiff Young's statement of claim fail to describe a situation in which he was "detained and searched" or given "a charge." Plaintiff Young states only that Officer Mudd followed him in BP's parking lot and that "twice more I've incountered the officer."

For these reasons, Plaintiff Young has failed to state a claim upon which relief may be granted.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*
      Defendant
4412.005